UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| REESE RIVER BASIN CITIZENS AGAINST FRACKING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE BUREAU OF LAND MANAGEMENT, et al.,<br><br>Defendants. | Case No. 3:14-cv-00338-MMD-WGC<br><br>ORDER<br><br>(Pl.'s Amended Motion for Preliminary Injunctive Relief – dkt. no. 18) |
|---|---|

## I. INTRODUCTION

This action challenges Defendant Bureau of Land Management's ("BLM") decision to propose oil and gas leasing in central and southwest Nevada. Plaintiff asks the Court to preliminarily enjoin Defendants from issuing oil and gas leases due to allegedly defective environmental analyses. Although BLM has conducted a lease sale, it retains discretion to issue any leases resulting from the lease sale. Because Plaintiff seeks to enjoin an agency decision that is not yet final, the Court finds that it lacks subject matter jurisdiction to review BLM's action. Plaintiff's Amended Motion for Preliminary Injunctive Relief ("Motion") (dkt. no. 18) is therefore denied.

## II. BACKGROUND

Plaintiff, Reese River Basin Citizens Against Fracking, brings this action on behalf of its members, a group of property owners with ranching and farming land, water rights, and grazing rights in proximity to and over land that BLM has proposed for oil and gas leasing. (Dkt. no. 8 ¶¶ 1, 4.)

BLM began the process of offering parcels for oil and gas leasing in September 2013. (Dkt. no. 20 at 3-4.) On February 12, 2014, BLM posted a preliminary Environmental Assessment ("EA") for public review and comment. (*Id.* at 5.) BLM received 5,100 comments during a thirty-day period while the EA was posted, but most were nearly identical form letters. (*Id.*) BLM has also posted a draft Finding of No Significant Impact for the July 2014 Competitive Oil and Gas Lease Sale ("FONSI") and a draft Decision of Record.[1] (Dkt. no. 8 ¶ 53; *see* dkt. nos. 36-2, 36-3.)

BLM has updated the EA several times since it was first posted in February 2014. (Dkt. no. 20 at 6.) In fact, the most recent update appears to have occurred on August 14, 2014. (Defs.' App. 3, AR 016319-463.) BLM also updated the unsigned FONSI and Decision of Record on the same date. (Dkt. no. 20 at 6; AR 016464-71.)

On April 14, 2014, BLM published its Notice of Competitive Oil and Gas Lease Sale ("Notice of Lease Sale"), identifying the final list of 102 parcels available for competitive auction. (Dkt. no. 32-4.) The available parcels cover approximately 174,021 acres in Lander, Nye, and Esmeralda Counties. (*Id.*) The Notice of Lease Sale identified the competitive sale date (July 17, 2014) and explained the right of the public to protest BLM's decision to include certain parcels in the lease sale. (*Id.*) BLM received four protests, including a protest from William Gandolfo, a member of Plaintiff. (Dkt. no. 20 at 5.) BLM has sixty (60) days after the lease sale to make a decision on the protest and "will issue no lease for a protested parcel until the State Director makes a decision on the protest." (Dkt. no. 32-4 at 9.) The lease sale occurred on July 17, 2014, but the leases, if issued, will not be issued before September 15, 2014. (Dkt. no. 15-1 ¶ 4.)

Plaintiff's Amended Complaint asserts claims for violations of the National Environmental Policy Act of 1969 ("NEPA"), 42 U.S.C. §§ 4321-4347, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. (Dkt. no. 8 at 21-23.) Plaintiff argues that BLM violated NEPA by preparing an inadequate EA, adopting an

---

[1] The record does not clarify when BLM first posted the FONSI and Decision of Record.

incomplete FONSI, and failing to prepare an environmental impact statement ("EIS") for the proposed lease sale. (*Id.*) The Amended Complaint requests that the Court enjoin the lease sale and "any leases issued pursuant to such sale." (*Id.* at 24.)

Shortly after initiating this action on June 27, 2014, Plaintiff moved for an emergency preliminary injunction to enjoin BLM from proceeding with the July 17, 2014, lease sale. (Dkt nos. 1, 5.) The Court ultimately denied emergency relief, finding that based on the evidence presented, Plaintiff could not demonstrate irreparable harm because the lease sale would not result in the automatic issuance of any leases. (Dkt. no. 16.) The Court permitted Plaintiff to amend its motion to address other deficiencies. The Court heard oral argument on Plaintiff's Motion on September 3, 2014.

### III. DISCUSSION

During oral argument, Plaintiff's counsel clarified that Plaintiff seeks to preliminarily enjoin the issuance of the leases. Plaintiff essentially concedes, however, that because the leases have not been issued, no final agency action has occurred. Plaintiff instead contends that the issue is ripe because the record is fixed and because its members will suffer hardship if any leases are issued. BLM argues that no final agency action will exist until it decides whether to issue the leases. Absent a final agency action, BLM contends, the Court lacks subject matter jurisdiction to review BLM's environmental analyses under the APA.

"NEPA imposes only procedural requirements," *Salmon River Concerned Citizens v. Robertson*, 32 F.3d 1346, 1355 (9th Cir. 1994) (citation omitted); it does not provide a private right of action. *Gros Ventre Tribe v. United States*, 469 F.3d 801, 814 (9th Cir. 2006). Thus, "[t]he judicial review provision of the APA is the vehicle" for challenging an agency's decision under NEPA. *Turtle Island Restoration Network v. U.S. Dep't of Commerce*, 438 F.3d 937, 942 (9th Cir. 2006); *Gros Ventre Tribe*, 469 F.3d 814. Where, as here, review of an agency action is sought not based upon a "specific authorization in the substantive statute, but only under the general review provisions of the APA, the 'agency action' in question must be 'final agency action.'"

*Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990); *see Or. Natural Desert Ass'n v. U.S. Forest Serv.*, 465 F.3d 977, 982 (9th Cir. 2006) (because the substantive statute under which plaintiff sought relief did not provide for judicial review, plaintiff needed to challenge a final agency action under the APA).

Moreover, final agency action is a jurisdictional prerequisite to obtaining judicial review. *Fairbanks N. Star Borough v. U.S. Army Corps of Eng'rs*, 543 F.3d 586, 591 (9th Cir. 2008). Therefore, as a threshold matter, the Court must first determine whether the BLM action challenged here is a final agency action under the APA.

The Supreme Court has determined that for an agency action to be deemed "final," two requirements must be satisfied: (1) "the action must mark the 'consummation' of the agency's decisionmaking process — it must not be of a merely tentative or interlocutory nature"; and (2) "the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'" *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (citations omitted). Within this framework, the Ninth Circuit has identified certain factors that may indicate finality — "whether the [action] amounts to a definitive statement of the agency's position, whether the [action] has a direct and immediate effect on the day-to-day operations of the party seeking review, and whether immediate compliance [with the terms] is expected." *Indus. Customers of Nw. Utils. v. Bonneville Power Admin.*, 408 F.3d 638, 646 (2005) (alteration in original) (*quoting Cal. Dep't of Water Res. v. FERC*, 341 F.3d 906, 909 (9th Cir. 2003)) (internal quotation marks omitted).

Applying these factors here, the Court agrees with Defendants that BLM's decision to issue the leases is not yet final. Although BLM has conducted the lease sale, BLM retains discretion to issue the leases. (Dkt. no. 15-1 ¶ 4); *see* 30 U.S.C. § 226(b)(1)(A). There is no dispute that BLM has received four protests regarding the leases, one of which was submitted by Mr. Gandolfo, Plaintiff's member. The Notice of Lease Sale makes clear that BLM will resolve these protests before any lease is issued for a protested parcel. (Dkt. no. 32-4 at 9.) The Notice of Lease Sale also informs

potential bidders that if BLM "uphold[s] a protest and withdraw[s] the parcel from leasing, [BLM] will refund your first year's rental, bonus bid and administrative fee." (*Id.*) Taken together, the evidence before the Court indicates that BLM is still in the process of evaluating the four protests and has not decided whether to issue any lease, let alone to identify stipulations that may be included in any lease issued. BLM has not taken any action that "mark[s] the consummation" of its decision-making process and that may be subject to judicial review. *Bennett*, 520 U.S. at 178.

Plaintiff essentially concedes that BLM has not taken any final action on the leases, but argues that BLM's actions, such as amending the EA, show that it is prepared to defend its inevitable decision to issue the leases. However, Plaintiff points to no evidence suggesting that the EA amendment, or any other action taken by BLM since the lease sale, amounts to a "definitive statement" of BLM's position on the leases at issue. *Indus. Customers of Nw. Utils.*, 408 F.3d at 646. Even if BLM is in the process of augmenting its environmental analysis because it is prepared to issue the leases, until BLM completes its decision-making process, its decision is not subject to judicial review under the APA. Thus, even if Plaintiff's theory were true, the Court nevertheless lacks jurisdiction to review BLM's decision until BLM actually makes a final decision to issue the leases.

Because the Court determines that it lacks subject matter jurisdiction to review Plaintiff's challenge to BLM's decision to conduct the lease sale and issue the leases, the Court does not reach the merits of Plaintiff's arguments about BLM's alleged violations of NEPA and the APA.

Moreover, the Court is compelled to dismiss this action *sua sponte* for lack of subject matter jurisdiction. *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) ("[A district court] may dismiss an action *sua sponte* for lack of subject matter jurisdiction."). In opposing Plaintiff's Motion, Defendants raised a jurisdictional argument to assert that Plaintiff cannot demonstrate a likelihood of success on the merits. Surprisingly, Plaintiff failed to respond in its reply brief. Plaintiff,

moreover, had ample opportunity to address the jurisdictional issue during the oral argument. Yet, rather than respond to jurisdictional questions specifically raised by the Court, Plaintiff focused on ripeness, virtually conceding that there is no final agency action. Because Plaintiff had notice of the jurisdictional defect and an opportunity to respond, the Court finds that it is appropriate to dismiss this action on its own motion without waiting for Defendants to file a motion to dismiss.

## IV.   CONCLUSION

It is therefore ordered that Plaintiff's Amended Motion for Preliminary Injunctive Relief ("Motion") (dkt. no. 18) is denied.

It is further ordered that this action is dismissed for lack of subject matter jurisdiction.

The Clerk is instructed to close this case.

DATED THIS 8th day of September 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE